[Civ. No. 12115.   First Dist., Div. Two.   Aug. 26, 1942.]

ADA CURRY, Respondent, v. MARKET STREET RAILWAY COMPANY (a Corporation) et al., Defendants; CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Appellant.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Appellant.

John G. Reisner for Respondent.

NOURSE, P. J.—Plaintiff, as a result of a trial by jury, was awarded damages in the sum of $8,500 against the two defendants. A new trial was granted to the Market Street Railway Company and denied to the defendant city and county. The latter appeals from the adverse judgment. The only question raised by the appeal is whether the verdict is sustained by the evidence as to the negligence of this defendant and as to the absence of contributory negligence of the plaintiff.

The two defendants operate independent street railways

on Market Street in San Francisco. The lines of rails run parallel with a distance of six feet between the inner rails, which, with an overhang of two feet upon each car, left a clearance of two feet between the cars of the respective lines. At the intersection of Market Street and Van Ness Avenue a long safety zone is maintained for the protection of passengers using the two lines. On a rainy day in February, 1941, during the peak of traffic congestion at about 5:15 p. m. the plaintiff left this safety zone for the purpose of boarding a westbound car No. 17 operated by the defendant Market Street Railway Co. To reach her destination it was necessary to pass in front of a car standing on the outer or northerly rails and she waited until she received a signal to pass from the motorman operating that car, which was an ''N'' operated by the city and county, and hereafter referred to as the municipal car. At that time the No. 17 car had stopped in the safety zone with the front end opposite the extreme westerly end of the zone. The municipal car had stopped with the front end opposite the rear steps of the No. 17 car upon which passengers boarded. When the plaintiff reached these steps she found them crowded with passengers; she was unable to board the car, and was left standing with four others between the two cars. At this time the municipal car started forward; something struck one of those standing at the steps of No. 17; then the latter car also started forward and these expectant passengers were thrown to the ground. There was some evidence that one of these persons was struck by the municipal car and that he caused the others to fall. There was also evidence that some of them were struck by the passengers standing on the steps of car No. 17. The plaintiff was thrown in such a position that a wheel of the municipal car passed over her foot causing the injuries for which she recovered damages.

Viewing the evidence in the light most favorable to respondent, the negligence of the operator of the municipal car is not open to question. He saw or had reason to see this group of persons standing between the rails; he knew they were intending to board car No. 17 and must have seen the crowded condition of that car. It was his duty to wait until the other car cleared the zone or until those standing in the street had a chance to reach a place of safety. These two street railway lines are maintained and operated for the service and benefit of the public; they are the only means of travel

provided for a large number of people and their operation is a joint invitation to the public to accept a reasonably safe and efficient service from both of the competing lines. ▮ When a passenger seeks to enter a car operated upon the inner rails he is entitled to assume that those operating cars on the outer rails will exercise care to see that he may do so safely.

▮ Whether such care has been exercised is a question of fact to be determined by the jury under the circumstances of each case. It was so held in *Pevonak* v. *San Francisco*, 206 Cal. 648 [275 Pac. 785], a case very much like this in its facts, with the exception that both cars were moving through the loading zone at the same time. On reversing a judgment upon directed verdict for the two railways the court said: (p. 651) ''In other words, it is our view that it was a question of fact for the jury whether or not these two cars should have simultaneously traversed their respective tracks when a group of ten or twelve persons were crouched together in such a narrow space, there being also ample evidence that the crowd had been placed in this position without fault upon their part, having crossed said municipal tracks for the purpose of boarding a car which the agent of respondent Market Street Company did not allow to stop and having been prevented from retracing their steps to a place of safety by the oncoming of the two other cars.''

▮ The case is also authority in answer to appellant's argument that respondent was guilty of contributory negligence as matter of law. She took the position between the rails at the invitation of appellant's motorman. She could assume from his signal to her to pass in front of the municipal car that he knew she intended to board car No. 17 and that he would not start the municipal car while he knew she was in a position of danger until she had either boarded the car or had been able to retrace her steps to a place of safety.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.